**GREENBERG TRAURIG, LLP**
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900 (Telephone)
(973) 301-8410 (Facsimile)
Attorneys for Defendants Fifth Generation Inc.,
d/b/a Tito's Handmade Vodka, Bert Beveridge II
and Mockingbird Distillery Corp.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC McBREARTY, and PAUL CANTILINA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIFTH GENERATION, INC., d/b/a TITO'S HANDMADE VODKA, BERT BEVERIDGE II, MOCKINGBIRD DISTILLERY CORP, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>Document Filed Electronically |

**TO:   THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendants Fifth Generation, Inc., d/b/a Tito's Handmade Vodka, Bert Beveridge II and Mockingbird Distillery Corp. (collectively "Defendants"), by and through their undersigned attorneys, hereby file this Notice of Removal, removing this case from the Superior Court of New Jersey, Law Division, Bergen County, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, to the United States District Court for the District of New Jersey, Newark, New Jersey, and respectfully represent and state as follows:

1.    On or about October 24, 2014, Plaintiffs Marc McBrearty and Paul Cantilina (collectively "Plaintiffs") filed an action against Defendants in the Superior Court of New Jersey, Law Division, Bergen County, by way of a Class Action Complaint, entitled *Marc McBrearty, and Paul Cantilina, individually and on behalf of all others similarly situated v. Fifth Generation, Inc., d/b/a Tito's Handmade Vodka, Bert Beveridge II, Mockingbird Distillery Corp, ABC Corporations 1-10, and John Does 1-10*, Docket No. BER-L-10067-14 ("Plaintiffs' Action").

2.    On November 11, 2014, Defendants Fifth Generation Inc., d/b/a Tito's Handmade Vodka, Bert Beveridge II and Mockingbird Distillery Corp. were served with the Class Action Complaint, a Summons, a Civil Case Information Statement and a Track Assignment Notice, true copies of which are attached hereto as Exhibit A.  No other process, proceedings or orders have been filed or issued in the case or served on Defendants.

3.    This case is removable to the United States District Court, pursuant to 28 U.S.C. §§ 1332(d)(2)(A), 1441(a), 1446(b), and 1453, in that this Court has original subject matter jurisdiction over this action because it is a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of the class is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and involves over 100 putative class members.  *See* 28 U.S.C. § 1332(d)(5)(B).

4.    Plaintiffs' Action asserts claims against Defendants for: (1) violation of the New Jersey Consumer Fraud Act (the "NJCFA"), N.J.S.A. § 56:8-1, *et seq.* and certain regulations codified at N.J.A.C. § 13:45A-9, *et seq.* (Compl., ¶¶ 54-70); (2) unjust enrichment (Compl., ¶¶

71-73); (3) fraud and intentional misrepresentation (Compl., ¶¶ 74-78); and (4) fraudulent concealment and nondisclosure (Compl., ¶¶ 79-86).

5.      Plaintiffs' Action further alleges that as a result of Defendants' alleged policies and practices, Plaintiffs are entitled to recover from Defendants, among other things:   (a) compensatory damages; (b) attorney's fees, case expenses and costs of suit under the NJCFA; (c) treble damages pursuant to the NJCFA; (d) equitable and injunctive relief, including a product recall, notice to consumers, refund to customers and/or other relief; (e) disgorgement of Defendants' profits to pay restitution to Plaintiffs and all members of the class; and (f) actual and punitive damages for each member of the class, plus attorney's fees for the establishment of a common fund, interest and costs.  *See* Compl., Prayer for Relief.

6.      Plaintiffs' Action also seeks to certify a class of "New Jersey consumers who were end-user purchaser [sic] of defendants' Tito's Handmade Vodka."  Compl., ¶ 40.

**Number of Class Members Exceeds 100**

7.      Plaintiffs' Action alleges that the "class is composed of thousands of persons." Compl., ¶ 41.

**Diversity of Parties**

8.      This is an action "in which . . . any member of the class is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

9.      Plaintiffs Marc McBrearty and Paul Cantilina allege that they are New Jersey residents.  Compl., ¶ 3.

10.      Defendant Fifth Generation, Inc. is, and at all times material to the allegations of the Complaint has been, a Texas corporation with its principal place of business located at 12101 Moore Road, Austin, Texas 78719.

11.     Defendant Bert Beveridge II is the founder, President and Chief Executive Officer of Defendant Fifth Generation, Inc.  He is, and at all times material to the allegations of the Complaint has been, a citizen of Texas with a principal residence in Austin, Texas.

12.     Defendant Mockingbird Distillery Corp. is a d/b/a for Fifth Generation, and is not a separate corporation and, therefore, is not a citizen of New Jersey for purposes of assessing diversity of citizenship.

13.     The citizenship of fictitious defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *See* 28 U.S.C. § 1441(b)(1).

**Amount in Controversy**

14.     As alleged by Plaintiffs, the amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2)(A).

15.     Though Defendants concede no liability as to Plaintiffs' claims, assuming Plaintiffs' allegations to be true, Plaintiffs' class claims place in controversy a sum greater than $5,000,000.  Specifically, Plaintiffs allege that they and the putative class members, among other things, are entitled to recover from Defendants a refund, compensatory damages and treble damages pursuant to the NJCFA.  Compl., Prayer for Relief; *see also* Compl., ¶ 63 (alleging that "[h]ad defendants disclosed all material information to Plaintiffs and other members of the Class, they would not have purchased the products or they would have paid less for them").  Plaintiffs further allege that their claims encompass a period of time that stretches "[o]ver the past several years."  Compl., ¶¶ 24-25.  The named Plaintiffs allege that they have each made "regular purchases" over a number of years.  Compl., ¶¶ 24, 25.

16.     From 2012 to the present, sales of Tito's Handmade Vodka to Defendants' wholesaler in New Jersey exceeds $5 million.  Thus, based upon the remedies Plaintiffs seek, the amount in controversy exceeds the $5 million threshold required by 28 U.S.C. § 1332(d)(2)(A).

17.     Plaintiffs additionally seek injunctive relief in the form of "a product recall, notice to consumers, refund to customers, and/or other relief."  Compl., Prayer for Relief.  Although Defendants deny that these remedies are available or appropriate in this case, the value of the object of the injunctive relief, in this case the Tito's Handmade Vodka sold in New Jersey that would be the subject to any recall or refund, should be additionally factored into the amount in controversy. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In an action seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 219 (D.N.J. 1992) ("The Third Circuit Court of Appeals has held that in a case where, as here, plaintiff seeks an injunction, the amount in controversy is measured by the value of the interest sought to be protected by the equitable relief requested.") (citing *Spock v. David*, 469 F.2d 1047, 1052 (3d Cir. 1972)).

18.     Plaintiffs and their putative class also seek to recover attorney's fees, costs, and interest.  Compl., Prayer for Relief.  None of these additional recoveries are included in the foregoing calculation, but attorney's fees (not interests and costs) also could be counted in determining the amount in controversy.  *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

19.     Defendants deny that they have any liability to Plaintiffs or to the putative class that they seek to represent, and deny that Plaintiffs or the putative class members are entitled to recover any damages, punitive damages, injunctive relief, attorneys' fees, or the other relief

requested in the Complaint. Defendants also submit that this action does not satisfy the requirements for class certification under Fed. R. Civ. P. 23.   Nevertheless, amount in controversy is not a merits issue, but, instead is measured simply by the nominal value of the claims asserted in the complaint.   Here, that value easily exceeds $5 million, based upon Plaintiffs' allegations and New Jersey sales of Tito's Handmade Vodka from 2012 to the present.

**Procedural Requirements for Removal**

20.    As required by 28 U.S.C. §§ 1446(b) and 1453, this Notice of Removal is being filed within thirty (30) days of receipt by Defendants, by service of process or otherwise, of the initial pleading in the Superior Court setting forth the claim for relief upon which this proceeding is based and which establishes the right to remove this action to this Court.  By filing this Notice of Removal, Defendants do not waive any rights or defenses, and expressly reserve all rights and defenses that they may have with respect to Plaintiffs' Action.  All of the Defendants jointly file this Notice of Removal.

21.    Promptly after filing this Notice of Removal, Defendants will serve counsel for Plaintiffs and file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, to effect removal of this action to the United States District Court, pursuant to 28 U.S.C. §1446(d).  A true copy of the Notice of Filing of Notice of Removal in United States District Court is attached hereto as Exhibit B.

WHEREFORE, Defendants hereby remove the above-captioned matter, now pending against them in the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Aaron Van Nostrand
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900

Attorneys for Defendants  Fifth Generation Inc., d/b/a Tito's Handmade Vodka, Bert Beveridge II and Mockingbird Distillery Corp.

</div>

Dated:  December 9, 2014

EXHIBIT A

GAINEY McKENNA & EGLESTON
95 Route 17 South, Suite 310
Paramus, New Jersey 07652
(201) 225-9001
*Attorneys for Plaintiffs*
Our File No.: 170.198

SUPERIOR COURT BERGEN COUNTY
**FILED**

OCT 2 4 2014

*[signature]*
DEPUTY CLERK

——————————————————— X

MARC McBREARTY, and PAUL CANTILINA,
individually and on behalf of all others
similarly situated,

                       Plaintiffs,

            v.

FIFTH GENERATION, INC., d/b/a TITO'S
HANDMADE VODKA, BERT BEVERIDGE II,
MOCKINGBIRD DISTILLERY CORP, ABC
CORPORATIONS 1 – 10, and JOHN DOES
1 – 10,

                       Defendants.

——————————————————— X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

DOCKET NO.: *L-10067-14*

Civil Action

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

Plaintiffs, Marc McBrearty and Paul Cantilina ("plaintiffs"), on behalf of themselves and a

putative class of similarly situated individuals, allege the following based upon personal knowledge

and based upon information and belief, including, *inter alia*, the investigation made by and through

their attorneys.

<u>NATURE OF THE CASE</u>

1.      This is a class action case brought on behalf of all end-user purchasers of Tito's

Handmade Vodka manufactured, distributed, marketed, and/or sold by Fifth Generation, Inc. d/b/a

Tito's Handmade Vodka, Bert Beveridge II, Mockingbird Distillery Corp. and/or the other defendants

("defendants"). Class members were damaged by defendants' misrepresentations, deceptive practices,

and other improper actions. In particular, the defendants manufactured, distributed, marketed, and/or

sold their "Tito's Handmade Vodka" to consumers in New Jersey and made misrepresentations,

including that the Vodka was "Handmade", "Crafted in an Old Fashioned Pot Still by America's

Original Microdistillery" and "Distilled Six Times".  In reality, the defendants' Vodka is mass-produced from commercially manufactured "Neutral Grain Spirit" ("NGS") by modern, technologically advanced machines and equipment in a large industrial facility, and not by human hands.

2.    Plaintiffs seek the following relief:

   (a)    An award of appropriate damages for all members of the class who purchased the defendants' Tito's Handmade Vodka;

   (b)    Treble damages, punitive damages, and/or attorney's fees pursuant to the New Jersey Consumer Fraud Act;

   (c)    An injunctive order prohibiting defendants from engaging in the same improper acts in the future based on the New Jersey Consumer Fraud Act and/or other grounds;

   (d)    Disgorgement from defendants of all monies wrongfully obtained as a result of defendants' improper, unfair, and deceptive business acts;

   (e)    Certification of a Class (and/or Sub-Classes) as described herein or as the Court deems proper and just pursuant to Rule 4:32 of the New Jersey Court Rules;

   (f)    Designation of plaintiffs' counsel as Class Counsel pursuant to Rule 4:32 of the New Jersey Court Rules;

   (g)    Designation of plaintiffs, and/or other class members, as Class Representative(s) pursuant to Rule 4:32 of the New Jersey Court Rules;

   (h)    An award of attorney's fees and case expenses to Class Counsel; and

   (i)    Such other relief as the Court deems just and proper.

## PARTIES

3.      The Plaintiffs, Marc McBrearty and Paul Cantilina, are New Jersey residents, who are filing this case in an individual capacity and as a class action on behalf of all others who are similarly situated.

4.      The defendant, Fifth Generation Inc. d/b/a Tito's Handmade Vodka is a Texas corporation with offices and/or operations at, and/or a business address of, 12101 Moore Road, Austin, Texas 78719.

5.      The defendant, Bert Beveridge II is the founder of Fifth Generation, Inc. and Mockingbird Distillery Corp. and is the Chairman and President of those companies.

6.      The defendant, Mockingbird Distillery Corp. is a Texas Corporation with offices and/or operations at, and/or a business address of, 12101 Moore Road, Austin, Texas 78719.

7.      The true names and capacities of defendants sued herein as ABC Corporations 1 – 10 and John Does 1 – 10 are presently unknown to plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek to amend this Complaint and include these unknown defendants' true names and capacities when they are ascertained.  Each of the fictitiously-named defendants are responsible in some manner for the conduct alleged herein and for the damages suffered by plaintiffs and the members of the class.

8.      At all times mentioned herein, each and every defendant was an agent and/or employee of each and every other defendant.  In doing the things alleged herein, each and every defendant was acting within the course and scope of that agency and/or employment and was acting with the consent, permission and authorization of each of the remaining defendants.

## JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over the parties in this action.

10.      This Court has subject matter jurisdiction over this action.

11.   The Court has jurisdiction over defendants because defendants conduct business in New Jersey.

12.   Upon information and belief to date, the matter in controversy in this action is a substantial sum or value, which includes actual monetary damages, out-of-pocket expenses, consequential monetary damages, the cost and value of injunctive relief, disgorgement of defendants' ill-gotten gains and related damages, treble damages, punitive damages and/or attorneys' fees, and other damages.

13.   Venue in this Court is proper because the plaintiffs reside in Bergen County.

<u>BACKGROUND FACTS</u>

14.   At one time, Tito's Handmade Vodka was allegedly made in a 16 gallon pot still. However, it is now manufactured by machines in a highly mechanized process on a 26 acre operation that produced approximately 850,000 cases in 2012.  The defendants had an estimated $85 Million in revenue in 2012.  The defendants' Vodka is simply not "handmade" as the word is defined in numerous dictionary sources.[1]  The defendants' Vodka is: (1) made from commercially manufactured "neutral grain spirit" ("NGS") that is trucked and pumped into Tito's industrial facility; (2) distilled in a large industrial complex with modern, technologically advanced machines and stills, many of which are automated; and (3) produced and bottled in extremely large quantities (i.e., it is "mass-produced").

15.   Defendants acted improperly and deceitfully by manufacturing, distributing, marketing and selling Tito's Handmade Vodka with false "Handmade" labels and with related misrepresentations claiming that the product was "Handmade" when the product is in fact commercially manufactured in

---

[1] Dictionary.com defines the word "handmade" as "made by hand, rather than by machine".  The Merriam-Webster Dictionary defines the word "handmade" as "made with the hands or by using hand tools".  Webster Dictionary.org defines the word "handmade" as "made by hand or a hand process; as handmade shoes.  Contrasted with machine-made".  The Oxford Dictionary defines the term "handmade" as "made by hand, not by machine, and typically therefore of superior quality".

a large factory facility. (See photos of the labels attached as Exhibit A.)

16.     Defendants manufactured, distributed, marketed, and/or sold the Vodka with labels that also prominently claimed that the Vodka was "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery". (See photos of the labels attached as Exhibit A.)

17.     Upon information and belief, the defendants' Tito's Handmade Vodka was made, manufactured and/or produced in "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour".[2] Automated machinery is used, which is the complete opposite of the product being "handmade". Likewise, the automated commercial factory process is the complete opposite of the product being "Crafted in an Old Fashioned Pot Still", as the Defendants represent to consumers.

18.     Defendants marketed and represented to the general public that the Vodka was "Handmade" knowing that it simply was not true. They did so, and made the other misrepresentations described herein, while concealing the highly automated nature of the Vodka manufacturing and bottling process. Defendants also concealed the fact that the Vodka is no longer made in old fashioned pot stills of the variety Tito's proudly displayed in the 2013 Forbes article (See footnote 2 for discussion of the old shack on defendants' premises, which contains a previously used pot still cobbled from two Dr. Pepper kegs and a turkey-frying rig to cook bushels of corn). The defendants' concealment and misrepresentations were improper, deceitful and unlawful.

19.     The defendants continue to advertise, promote, and sell their Tito's Handmade Vodka as "Handmade", "Crafted in an Old Fashioned Pot Still" and "distilled six times" despite the fact that they know those statements are blatant misrepresentations. Consumers agree to pay a specific amount for the defendants' Vodka, unaware of the misrepresentations. Examples of the defendants' misrepresentations include the following:

---

[2] A 2013 article in Forbes magazine noted that the Forbes photographer was purposefully directed away by the Tito's brand manager from "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour and into the shack with the original still, cobbled from two Dr. Pepper kegs and a turkey-frying rig to cook bushels of corn into booze."

(a)     The labels on the defendants' Vodka states in several places that the defendants' Vodka is "Handmade" despite the fact that that is a blatant misrepresentation and the opposite is true. (See photos of the labels and other product materials attached as Exhibit A.)

(b)     The labels on the defendants' Vodka states that the Handmade Vodka is "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery" despite the fact that that is a blatant misrepresentation and the Vodka is actually made in a large factory full of machines.  (See photos of the labels and other product materials attached as Exhibit A.)

(c)     The labels on the defendants' Vodka has a picture/drawing of the purported "Old Fashioned Pot Still" that defendants claim is used to make their Handmade Vodka but in reality pictures of the defendants' manufacturing operations and factory reveal that no such "Pot Still" is used as depicted but instead the Vodka is made in a large factory full of machines. (See photos of the labels with the picture/drawing and see photos of actual factory operations from defendants own website attached as Exhibit A.)

20.     The defendants' misrepresentations and other improper actions were deceptive business practices and  violated the New Jersey Consumer Fraud Act and other applicable statutes.

21.     Consumers are subjected to the defendants' false labeling and deceptive practices described herein. This entire manufacturing process of the defendants is devoid of the caring touch of human hands.  This is a material factor in many individuals' purchasing decisions, as they believe they are purchasing a product made in small amounts that is of inherently superior quality.  (See Footnote 1.)

22.     Consumers generally believe that "Handmade" products are of higher quality than the alternative products made by machines in commercial factories.  The New Jersey Consumer Fraud Act is designed to protect consumers from these types of false representations and deceptive practices.  The defendants' improper actions and deceptive practices fraudulently induced consumers to purchase

defendants' Vodka at inflated prices.

## STATEMENT OF FACTS

23.     The plaintiffs, and the proposed class members, are end-user purchasers of the defendants' "Tito's Handmade Vodka".

24.     Over the past several years, plaintiff Marc McBrearty has purchased the defendants' Tito's Handmade Vodka, including regular purchases (throughout 2013, 2014 and before) at Stew Leonards in Paramus, Kings in Ridgewood, and a purchase at the New Hampshire State Liquor Store (in July 2013).  He paid for the purchases with credit cards.  The plaintiff's purchases, as well as the other class members, are ascertainable through the retailers' records and/or the consumers' records.

25.     Over the past several years, plaintiff Paul Cantilina has purchased the defendants' Tito's Handmade Vodka, including regular purchases (throughout 2013, 2014 and before) at Bottle King. Plaintiff Paul Cantilina is a member of Bottle King's Buyer's Club.  He paid for the purchases with credit cards.  The plaintiff's purchases, as well as the other class members, are ascertainable through the retailers' records and/or the consumers' records.

26.     As alleged herein, at the time of plaintiffs' purchases, the labels and other product materials accompanying the defendants' Vodka prominently stated that it was "Handmade" when in fact there was nothing "Handmade" about the product.  The label on the defendants' Vodka also claimed that it was "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery", which is not true.

27.     When plaintiffs, and class members, purchased the defendants' Vodka they saw and relied upon the "Handmade" representations, and the related representations, that were prominently displayed on all of Tito's Vodka products.  (Reliance is not required under the New Jersey Consumer Fraud Act and this allegation is the Complaint should not be construed to suggest it is required.)

28.     Simply stated, plaintiffs and class members were deceived as a result of defendants'

-7-

false labeling and other misrepresentations. Their purchasing decisions were influenced by the "Handmade" representations made by defendants that the product is "Handmade", which is absent from most (if not all) of defendants' competitors. Plaintiffs believed at the time they purchased the Vodka that they were buying a high-quality product made by human hands that was not made in large industrial vats in mass quantities, etc.

29.     Plaintiffs suffered an ascertainable loss because plaintiffs' money was taken by defendants as a result of defendants' false claims and misrepresentations described herein. Furthermore, plaintiffs' suffered an ascertainable loss by paying for something they believed was genuinely "Handmade", when it was not. Once the truth is revealed, the Vodka is not worth the purchase price paid. Plaintiffs and Class members are entitled to monetary damages and injunctive relief.

30.     The products the plaintiffs purchased from defendants were not as represented and defendants' actions relating thereto were improper and deceptive.

31.     Plaintiffs received products of lesser value than the product promised and have suffered an ascertainable loss. The plaintiffs did not receive the benefit of their bargain.

32.     The defendants made false and/or misleading statements in their advertisements, sales materials, product labels, and accompanying information. The defendants' deception is material in that it is likely to influence the purchasing decision of consumers.

33.     The defendants made false and misleading statements and representations of fact.

34.     .The defendants' acts, practices and advertisements were materially deceptive and misleading.

35.     The defendants' false and misleading acts, practices and advertisements deceived plaintiffs and the class and/or had a tendency to deceive the class.

36.     The defendants' deceptive practices, misrepresentations and/or omissions, were material

to. reasonable consumers and were likely to influence the purchasing decision of plaintiffs and the class.

37.     Defendants knew, recklessly or intentionally disregarded, and/or reasonably should have known but did not know, about their improper acts, practices and advertisements.

38.     The class members have no complete, speedy, and adequate remedy at law with respect to the defendants' fraud and misrepresentations as well as defendants' other improper acts and/or omissions.   Plaintiffs, and/or the general public, will suffer continuing, immediate, and irreparable injury as a proximate cause of defendants' actions absent injunctive and equitable relief by this Court. The injunctive relief is a separate part of the sum or value of the matter in controversy.

39.     Defendants are presently continuing with their improper acts, practices and omissions and a permanent injunction is required to make certain that the defendants stop doing so.   Since most class members' individual claims for damages are likely to be modest, the expenses and burdens of litigating individual claims for damages are likely to be modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them.   Important public interests will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory judgments will be avoided.

<u>CLASS ACTION ALLEGATIONS</u>

<u>Class Definition</u>

40.     Plaintiffs file this case in their individual capacity and as a class action on behalf of themselves and all others similarly situated.   They, and/or other class members who may be named as class representatives at the time a motion is filed to certify the proposed Class, will represent the class, which is composed of New Jersey consumers who were end-user purchaser of defendants' Tito's Handmade Vodka.   There may also be one or more sub-classes of consumers who purchased at

-9-

specific retail stores.

## Numerosity and Impracticable Joinder

41.     The class is composed of thousands of persons geographically dispersed throughout New Jersey, the joinder of whom in one action is impracticable.  The disposition of their claims in a class action will provide substantial benefits to all parties and the Court.  The class is sufficiently numerous since upon information and belief, it is estimated that thousands, tens of thousands, or more bottles of the defendants' Vodka were sold in New Jersey.  On information and belief, the exact number and identities of the members of the class are ascertainable from the records in defendants' possession, the retailers' possession, and/or the consumers' possession.

## Risk of Inconsistent or Varying Adjudications

42.     Prosecution of separate actions by class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendants.

43.     Adjudications by individual members of the Class would, as a practical matter, be potentially dispositive of the interests of other members of the Class and substantially impair or impede their ability to protect their interests.  Class-wide adjudication of these claims, therefore, is appropriate.

44.     Class-Wide Injunctive/Declaratory Relief.  Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and/or declaratory relief appropriate with respect to the Class as a whole, rendering class-wide adjudication of these claims appropriate.

## Common Questions of Law and Fact

45.     There is a well-defined community of interests and there are common questions of law or fact affecting the parties to be represented.  These questions, and other similar factual or legal questions common to the Class, predominate over individual factual or legal questions.  The common questions of law or fact include:

-10-

(a)     Whether the defendants acted improperly towards the class, including their misrepresentations and other deceptive practices concerning their Vodka, which are described herein;

(b)     Whether the defendants violated applicable laws and regulations, including the New Jersey Consumer Fraud Act;

(c)     Whether the defendants knew, recklessly disregarded, or reasonably should have known that their acts and practices violated applicable laws and regulations, including the New Jersey Consumer Fraud Act;

(d)     Whether the defendants' acts and practices were fraudulent and/or negligent;

(e)     Whether the defendants engaged in practices intending to, or likely to, deceive reasonable consumers;

(f)     Whether the defendants' advertisements, product labels and related materials contain misrepresentations and/or false statements concerning the product, as described herein;

(g)     Whether the defendants made false or misleading statements or representations of fact;

(h)     Whether the defendants deliberately misrepresented or failed to disclose material facts to the plaintiffs and the class members;

(i)     Whether the defendants engaged in practices that were false and/or deceptive to consumers, either intentionally or negligently;

(j)     Whether there should be equitable and injunctive relief to protect future customers of the defendants; and

(k)     Whether the plaintiffs and class members should be awarded treble damages and

attorney's fees pursuant to the New Jersey Consumer Fraud Act.

## Typicality

46.     The individual plaintiffs, and/or other class representative(s) to be named, are asserting claims that are typical of the claims of the entire class, and the class representative(s) will fairly and adequately represent and protect the interests of the class.  They have no interests that are antagonistic to those of the other members of the class.

47.     The factual basis of the claims concerning the defendants' misconduct are common to the members of the Class and represent a common thread of fraudulent misconduct and deceptive business practices resulting in ascertainable loss to all class members.  Plaintiffs are asserting the same rights, making the same claims, and seeking the same relief for themselves and all other members of the proposed Class.

## Fair and Adequate Representation

48.     The class representative(s) will fairly and adequately represent and protect the interests of the class.  They have no interests that are antagonistic to those of the other members of the class. The individual plaintiffs have retained counsel who is competent and experienced in the handling of litigation, including class action litigation and consumer fraud cases.   Counsel will fairly and adequately represent and protect the interests of the class.

## Predominance of Common Question of Law or Fact

49.     There are common questions of law or fact that predominate over any questions affecting only individual members of the Class.   These common legal or factual questions include those listed herein.

## Superiority of Class Action Treatment

50.     The individual plaintiffs and the members of the class have all suffered harm and/or damages as a result of defendants' misrepresentations, improper actions, unlawful and wrongful

-12-

conduct, and deceptive practices.

51.     A class action is superior to all other available methods for the fair and efficient adjudication of those claims.   Individual litigation of the claims of all class members is not economically feasible and is procedurally impracticable.   While the aggregate damages sustained by the Class may be in the millions of dollars, the individual damages incurred by each class member resulting from defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every class member could afford individual litigation, the Court system would be unduly burdened by individual litigation of such cases.   Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments.   Individualized litigation would magnify the delay and expense to all of the parties and to the Court system because of multiple trials of the same factual and legal issues.   There will be no difficulty encountered in the management of this action that would preclude its maintenance as a class action.   In addition, defendants have acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate. Absent a class action, Defendants will likely retain a substantial amount of money, including millions of dollars, received as a result of its wrongdoing and misleading conduct.  Their improper actions would go un-remedied and uncorrected.   Absent a class action, the class members will not receive restitution.   In addition, damage to future customers of the defendants will continue absent equitable and injunctive relief.   Class action treatment of these claims is superior to handling the claims in other ways.

52.     Certification of the class will be appropriate under Rule 4:32 of the New Jersey Court Rules.

-13-

<u>CLAIMS</u>

53.     Pursuant to notice pleading, plaintiffs hereby allege each and every cause of action and remedy at law or in equity supported by the facts alleged in this Complaint.  Those causes of action and remedies at law or in equity include the following:

<u>COUNT ONE</u>
<u>VIOLATIONS OF N.J.S.A. § 56:8-2 *ET SEQ.*</u>
<u>(NEW JERSEY CONSUMER FRAUD ACT)</u>

54.     Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "53", inclusive with the same force and effect as though the same was more fully set forth at length herein.

55.     The New Jersey Consumer Fraud Act (hereinafter "Act" or "CFA") states, in relevant part:

> **56:8-2.  Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice.**
>
> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

56.     Defendants violated the Act by making misrepresentations to consumers, by improper actions and conduct, and by deceptive practices, as described herein, as well as through other acts, misrepresentations, failures and omissions described herein.  The defendants' act and omissions are in

-14-

violation of the Act.

57.    The New Jersey Consumer Fraud Act is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under other remedies.

58.    Defendants have engaged in deceptive, unconscionable, unfair, fraudulent and misleading commercial practices in the manufacturing, distribution, marketing, and sale of their Tito's Handmade Vodka.

59.    Defendants represented that their products had characteristics and/or qualities that they did not have, and that their goods were of a particular standard, quality or grade, which was not true.

60.    In their manufacturing, distribution, marketing, and sale of the products, defendants undertook active and ongoing steps to conceal the truth and have consciously withheld material facts from plaintiffs and other members of the Class with respect to the products.

61.    Defendants' conduct was objectively deceptive and had the capacity to deceive reasonable consumers under the circumstances. The defendants' misrepresentations were material facts that a reasonable and/or unsophisticated consumer would attach importance to at the time of purchase. These facts would influence a reasonable consumers' choice of action during the purchase of their products.

62.    Defendants intended that the plaintiffs and the other members of the Class would rely on their acts of concealment and omissions (although reliance is not required under the New Jersey Consumer Fraud Act) by purchasing the products at full price rather than paying less for them or purchasing competitors' products.

63.    Had defendants disclosed all material information to Plaintiffs and other members of the Class, they would not have purchased the products, or they would have paid less for them.

64.    The Advertising Regulations, N.J.A.C. 13:45A-9, et seq., promulgated pursuant to the New Jersey Consumer Fraud Act, among other things, address general advertising practices. In their

-15-

advertisement, Defendants violated the Advertising Regulations including, but not limited to, the acts and omissions referred to herein. Each violation of the Advertising Regulations by Defendants constitutes a *per se* violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.

65.     Defendants violated the aforementioned laws by their unconscionable acts and practices described herein, including misrepresentations, actions, failures and/or omissions.

66.     The individual plaintiffs and class members were caused to suffer damages as a result of Defendants' acts and omissions, including ascertainable losses.

67.     Defendants' acts and practices were deceptive, fraudulent, false, concealing and/or misleading. The defendants made misrepresentations to the customers, both affirmatively and by omission.

68.     Their acts and/or omissions are in violation of the New Jersey Consumer Fraud Act and the Advertising Regulations, and the plaintiffs and other class members in New Jersey have been damaged and are entitled to damages.

69.     Defendants' conduct had an impact on the public interest because the acts were part of a generalized course of conduct affecting numerous consumers.

70.     As a result of the foregoing acts, omissions, and practices, plaintiffs and other members of the Class have suffered an ascertainable loss as a result of purchasing the defendants' products. Plaintiffs are entitled to recover damages, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit.

<u>COUNT TWO</u>
<u>UNJUST ENRICHMENT</u>

71.     Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "70", inclusive with the same force and effect as though the same was more fully set forth at length herein.

72.     The defendants' improper and unlawful activities described herein, including

-16-

misrepresentations and other deceptive practices in the marketing and sale of their products, resulted in the unjust enrichment of the defendants. The defendants were unjustly enriched in the amount of money made by them through the sale of the products.

73. The Class has been damaged in the amount that the defendants were unjustly enriched and their damage was caused by the defendants' acts and omissions.

## COUNT THREE
### FRAUD/INTENTIONAL MISREPRESENTATION

74. Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "73", inclusive with the same force and effect as though the same was more fully set forth at length herein.

75. Defendants knowingly and intentionally made misrepresentations and fraudulent and false statements of material facts in connection with the manufacturing, distribution, marketing and sale of the products, as described in detail herein.

76. Defendants intended for the plaintiffs and consumers to rely on their material misrepresentations of fact.

77. Plaintiffs and consumers reasonably and justifiably relied on defendants' material misrepresentations, unaware of the falsity of defendants' representations, and had a right to rely on those representations.

78. The individual plaintiffs and class members were caused to suffer damages as a result of defendants' acts and omissions.

## COUNT FOUR
### FRAUDULENT CONCEALMENT/NON-DISCLOSURE

79. Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "78", inclusive with the same force and effect as though the same was more fully set forth at length herein.

80.     Defendants knew, or were reckless in not knowing at the time of sale, that the products were not made as represented and marketed.

81.     Defendants fraudulently concealed from and/or intentionally failed to disclose to Plaintiffs, the Class, and all others in the chain of distribution, the true information concerning how the product was made.

82.     Defendants had exclusive knowledge of that information at the time of sale.  The information is not something that plaintiffs or class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.

83.     Defendants had the capacity to, and did, deceive consumers into believing that they were purchasing products that were made as represented and marketed.

84.     Defendants undertook active and ongoing steps to conceal the truth because defendants knew or should have known that they alone could alert consumers.

85.     The facts concealed and/or not disclosed by defendants were material facts in that a reasonable person would have considered them important in deciding to purchase defendants' products.

86.     Plaintiffs and class members were damaged as a result of defendants' fraudulent concealment and/or non-disclosure.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the forgoing, plaintiffs, on behalf of themselves and on behalf of all other persons similarly situated, pray for the following relief:

A.     an Order certifying the Class and/or any appropriate sub-classes, appointing the named plaintiffs as Class Representatives, and appointing plaintiffs' counsel as Class Counsel;

B.      an Order awarding compensatory damages to plaintiffs and all members of the Class for all claims in the Complaint;

C.      an award of attorney's fees, case expenses, and costs of suit to the plaintiffs and the class including the mandatory attorney's fees under the New Jersey Consumer Fraud Act;

D.      treble damages pursuant to the New Jersey Consumer Fraud Act in connection with defendants' improper actions;

E.      an Order providing for equitable and injunctive relief, including a product recall, notice to consumers, refund to customers, and/or other relief;

F.      an Order requiring disgorgement of defendants' ill-gotten gains, to pay restitution to plaintiffs and all members of the Class, and to restore to the public all funds acquired by means of any act or practice declared by this Court to be unlawful, fraudulent or unfair business acts or practices, a violation of laws, statutes, or regulations, or constituting unfair competition or false, untrue or misleading advertising;

G.      judgment against defendants for actual and punitive damages for each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs; and

H.      such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

PLEASE TAKE NOTICE that pursuant to R 4:35-1, the Plaintiff demands a trial by jury.

Dated:  October 22, 2014

By:

BARRY J. GAINEY
*Attorney for Plaintiff*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, BARRY J. GAINEY, is hereby designated trial counsel in the within cause of action.

Dated:  October 22, 2014

By: _____
BARRY J. GAINEY
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned hereby certifies that to the best of his knowledge, the within matters in controversy are not the subject of any other action pending in any other Court or a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined to this action.

Dated:  October 22, 2014

By: _____
BARRY J. GAINEY
*Attorney for Plaintiff*

EXHIBIT "A"







<u>Tito's first version-original handmade pot still</u>



Uploaded to Pinterest

Search

More to explore:   Offices   Originals

Like     Image                    Sha



Uploaded to Pinterest

TitosVodka · 2 years ago
Our original pot-still, bottling building. Est. 1995. Still Tito's office.

Added by          Added to
TitosVodka        Tito's Vodka virtua...   Foll

Tito's second version handmade pot still | Tito's Vodka virtual disti...     http://www.pinterest.com/pin/14320046312207974





Uploaded to Pinterest


TitosVodka · 2 years ago
Tito's second version handmade pot still


Added by
TitosVodka


Added to
Tito's Vodka virtua...   Foll

f 1

Tito's Vodka virtual distillery tour on Pinterest          http://www.pinterest.com/titosvodka/tito-s-vodka-virtual-distillery-tour/

| | Search | |

More to explore:     tito's vodka     bottle design     old signs     office walls     silos     offices     rodeo



# Tito's Vodka virtu
# tour

 TitosVodka                                    







how the bigger sizes of Tito's Vodka      wheeeeee!!! gettin' paletized          label rolls
get filled
                                          1                                       1

# There's more to see...

Sign up to see the rest of what's here!



| Sign up with Email |

Already have an account? Log in now

170.198

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   NOVEMBER 03, 2014
                        RE:     MCBREARTY VS FIFTH GENERATION INC
                        DOCKET: BER L -010067 14

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

      DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON SUSAN J. STEELE

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        001
AT:  (201) 527-2600.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
  CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                        ATTENTION:

                        ATT: BARRY J. GAINEY
                        GAINEY MCKENNA & EGLESTON
                        95 ROUTE 17 SOUTH
                        STE 310
                        PARAMUS           NJ 07652

JUBCAR7

PARKING NOTICE
Through July 31, 2015
Visitors to the Justice Center are
directed to the Lot located at
100 River St, Hackensack.
Regular shuttles round trip
available from 7:30 am to 7:00 pm

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐CK ☐CG ☐CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| BARRY J. GAINEY, ESQ. | (201) 225-9001 | Bergen |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| GAINEY McKENNA & EGLESTON | L-10067-14 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 95 Route 17 South, Suite 310<br>Paramus, New Jersey 07652 | Class Action Complaint |
| | JURY DEMAND  ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Marc McBrearty and Paul Cantilina, Individually and On Behalf Of All Others Similarly Situated, Plaintiffs | Marc McBrearty and Paul Cantilina, Individually and On Behalf Of All Others Similarly Situated v. Fifth Generation, Inc., d/b/a Tito's Handmade Vodka, Bert Beveridge II, Mockingbird Distillery Corp., et al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
| --- | --- |
| 999 Class Action/Consumer Fraud | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?   ☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES   ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE<br>☒ UNKNOWN |
| --- | --- |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☒ YES   ☐ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☒ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS        Consumer/Seller |
| --- | --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☒ YES   ☐ NO | |
| --- | --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES   ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |

| WILL AN INTERPRETER BE NEEDED?   ☐ YES   ☒ NO | IF YES, FOR WHAT LANGUAGE: |
| --- | --- |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
506 PIP COVERAGE
510 UM or UIM CLAIM
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603 AUTO NEGLIGENCE – PERSONAL INJURY
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
699 TORT – OTHER

**Track III — 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES
620 FALSE CLAIMS ACT

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280 Zelnorm
285 Stryker Trident Hip Implants

**Mass Tort (Track IV)**
248 CIBA GEIGY
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE
272 BEXTRA/CELEBREX
274 RISPERDAL/SEROQUEL/ZYPREXA
275 ORTHO EVRA
277 MAHWAH TOXIC DUMP SITE
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
283 DIGITEK
284 NUVARING
286 LEVAQUIN
601 ASBESTOS
619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold    ☒ Putative Class Action    ☐ Title 59

Revised Effective 9/2009, CN 10517

**GAINEY McKENNA & EGLESTON**
95 Route 17 South, Suite 310
Paramus, New Jersey 07652
(201) 225-9001
*Attorneys for Plaintiffs*
Our File No.: 170.198

DELIVERED
11 / 11 / 14
By _TR 3012_
Austin Process, LLC

——————————————————————X

MARC McBREARTY, and PAUL CANTILINA,      :      SUPERIOR COURT OF NEW JERSEY
individually and on behalf of all others       :      LAW DIVISION: BERGEN COUNTY
similarly situated,                                     :
                                                              :      DOCKET NO.: BER-L-10067-14
                              Plaintiffs,              :
                                                              :           Civil Action
              v.                                           :
                                                              :           **SUMMONS**
FIFTH GENERATION, INC., d/b/a TITO'S      :
HANDMADE VODKA, BERT BEVERIDGE II,   :
MOCKINGBIRD DISTILLERY CORP, ABC       :
CORPORATIONS 1 – 10, and JOHN DOES 1 – 10  :
                                                              :
                              Defendants.             :
——————————————————————X

**FROM THE STATE OF NEW JERSEY, to the Above Named Defendant(s):**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and service a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ *Jennifer Perez*

JENNIFER PEREZ
Acting Clerk of the Superior Court

Dated: November 10, 2014

Name and address of defendant(s) to be served:

1. Fifth Generation Inc. d/b/a
   Tito's Handmade Vodka
   12101 Moore Road
   Austin, TX 78719

2. Bert Beveridge II
   12101 Moore Road
   Austin, TX 78719

3. Mockingbird Distillery Corp.
   12101 Moore Road
   Austin, TX 78719

# DIRECTORY OF SUPERIOR COURT CLERK'S OFFICES AND LAWYER REFERRAL SERVICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
(609) 345-6700

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
(201) 527-2700

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 634-2761

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
(609) 518-2600
TDD: (609) 518-2542

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
(856) 379-2200

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
(609) 465-1000

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
(856) 451-8000
DD (Hearing Impaired): (856) 453-4859

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
(973) 693-5700

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 622-0063

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
(973) 693-5700

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(956) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House—1st Floor
583 Newark Ave.
Jersey City, NJ 07306
(201) 795-6600
DD: (201) 217-5404

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
(908) 237-5800

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
(609) 571-4000

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq.,
P.O. Box 2633New Brunswick, NJ 08903-2633
(732) 981-3200

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269
(732) 677-4300

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 502-0059

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
(973) 656-4000

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
(732) 929-2042

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
(732) 929-2042

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

---

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
(732) 929-2042

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

---

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
(908) 231-7191

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

---

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
(973) 579-0675

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

---

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

---

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
(908) 475-6161

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

# EXHIBIT B

**GREENBERG TRAURIG, LLP**
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900 (Telephone)
(973) 301-8410 (Facsimile)
Attorneys for Defendants Fifth Generation Inc.,
d/b/a Tito's Handmade Vodka, Bert Beveridge II
and Mockingbird Distillery Corp.

|  |  |
|---|---|
| MARC McBREARTY, and PAUL CANTILINA, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>      v.<br><br>FIFTH GENERATION, INC., d/b/a TITO'S HANDMADE VODKA, BERT BEVERIDGE II, MOCKINGBIRD DISTILLERY CORP, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>                 Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-10067-14<br><br><br>**NOTICE OF FILING<br>OF NOTICE OF REMOVAL** |

TO:   Clerk of Court
        Superior Court of New Jersey
        Law Division – Bergen County
        10 Main Street
        Hackensack, New Jersey 07601-7699

PLEASE TAKE NOTICE that, pursuant to U.S.C. §§ 1332, 1441, and 1446, Defendants Fifth Generation Inc., d/b/a Tito's Handmade Vodka, Bert Beveridge II and Mockingbird Distillery Corp. (collectively "Defendants"), have filed, this day, in the United States District Court for the District of New Jersey, Newark Vicinage, Defendants' Notice of Removal, a true and correct copy of which is attached hereto. Pursuant to 28 U.S.C. § 1446(d), the above-styled action is now removed and the Superior Court of New Jersey, Law Division, Bergen County, is divested of jurisdiction over all further proceedings.

This 9th day of December, 2014.

Aaron Van Nostrand
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932-0677
Telephone:  973-360-7900
Facsimile:  973-301-8410

Attorneys for Defendants
Fifth Generation Inc., d/b/a Tito's
Handmade Vodka, Bert Beveridge II and
Mockingbird Distillery Corp.

MARC McBREARTY, and PAUL CANTILINA, individually and on behalf of all others similarly situated,

                          Plaintiffs,

        v.

FIFTH GENERATION, INC., d/b/a TITO'S HANDMADE VODKA, BERT BEVERIDGE II, MOCKINGBIRD DISTILLERY CORP, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

                          Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:  BERGEN COUNTY

DOCKET NO.:  BER-L-10067-14


**CERTIFICATE OF SERVICE**


I, Mary Crowley, certify that on this date I served a true copy of the Notice to the Court of Filing of Notice of Removal by email and Overnight Delivery to the following counsel of record in this matter:

> Barry J. Gainey, Esq.
> GAINEY McKENNA & EGLESTON
> 95 Route 17 South
> Suite 310
> Paramus, New Jersey 07652
> bgainey@gme-law.com
> *Attorneys for Plaintiffs*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:  December 9, 2014                    _____
                                                             Mary Crowley