<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARC McBREARTY, and PAUL CANTILINA, individually and on behalf of all others similarly situated, | : : : : | Civil Action No. 14-7667 (SDW)(SCM) |
| Plaintiffs, | : : : | **OPINION** |
| v. | : : | August 6, 2015 |
| FIFTH GENERATION, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | : : : | |
| Defendants. | : | |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss, filed by Defendant Fifth Generation, Inc. ("Defendant"), for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendant also moves to strike the Plaintiffs' class allegations, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2)(A), 1441(a), 1446(b), 1453. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). These motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court will **GRANT** Defendant's Motion to Dismiss and allow Plaintiffs 30 days to amend their complaint. Additionally, this Court will **DENY AS MOOT** Defendant's motion to strike class allegations.

**FACTUAL AND PROCEDURAL HISTORY**

Defendant, a Texas corporation, manufactures, distributes, markets, and sells "Tito's Handmade Vodka" ("Vodka").[1] (Compl. ¶ 4.) Defendant makes various claims regarding its award-winning Vodka. (Id. Ex. A.) In large italicized font on the product's front label, Defendant describes its Vodka as "Handmade". (Id.) The front label also declares that the Vodka is "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery." (Id.) On a label running around the rim of the bottle, Defendant claims that its Vodka is "distilled six times" "naturally." (Id.)

Marc McBrearty and Paul Cantilina ("Plaintiffs") are New Jersey residents. (Compl. ¶ 3.) In the years before 2014, Plaintiffs were end-user purchasers of the Vodka. (Id. ¶ 23.) Plaintiffs allege that they bought the Vodka in reliance on the information on the product labels, which led them to genuinely believe that they were paying for a handmade product distilled in an old-fashioned pot in a microdistillery. (Id. ¶¶ 27, 29.) Plaintiffs allege no other facts with respect to their reliance. (See generally Compl.)

Plaintiffs allege that the Vodka is in fact mass-produced and commercially manufactured by machines—not by human hands. (Compl. ¶ 2.) Plaintiffs assert that the Vodka is manufactured on a twenty-six acre "operation" producing approximately 850,000 cases in 2012. (Compl. ¶ 14.) The production allegedly involves "modern, technologically advanced machines and stills." (Id. ¶ 4.) To substantiate their claims, Plaintiffs point to a Forbes article from 2013 that noted that Defendant steered a Forbes photographer away from "massive buildings containing ten floor-to-ceiling stills [which were] bottling 500 cases an hour." (Id. ¶ 17 n. 2.) Allegedly, Defendant instead

---

[1] Plaintiffs also allege claims against ABC Corporations 1-10 and John Does 1-10, who are currently unknown to Plaintiffs. (*Id.* ¶ 3.)

2

directed the photographer to a "shack" that housed the Defendant's "original still." (Id.) According to Plaintiffs, the original still was "cobbled from two Dr. Pepper kegs and a turkey-frying rig" used "to cook bushels of corn into booze." (Id.)

Plaintiffs allege that because the Vodka is not handmade, it is not worth its purchase price. (Id. ¶¶ 29, 31.) Plaintiffs do not identify a purchase price for the Vodka or its competitors at the time of purchase. (See generally Compl.) Plaintiffs allege that records of their purchases may be ascertained through retailers' or consumers' records, which include the statements for the credit cards that they used to purchase the Vodka. (Id. ¶¶ 24-25.)

Plaintiffs filed the instant class-action complaint pursuant to Federal Rule of Civil Procedure 23,[2] designating themselves as the named plaintiffs for a putative class comprised of all New Jersey end-user purchasers of Defendant's Vodka, potentially thousands in number. (Id. ¶¶ 3, 40-52.) Plaintiffs list several questions of law or fact common to the class, including whether the Defendant violated the New Jersey Consumer Fraud Act ("NJCFA"). (Id. ¶ 45); see also FED. R. CIV. P. 23(a)(2). Specifically, Plaintiffs allege the following: 1) violation of the New Jersey Consumer Fraud Act ("NJCFA") ("Count I"); 2) unjust enrichment ("Count II"); 3) fraud and intentional misrepresentation ("Count III"); and 4) fraudulent concealment and non-disclosure ("Count IV"). (*Id.* 54-86.) Plaintiffs later withdrew Count II. (Dkt. No. 10, 26.) Finally, Plaintiffs allege that, as named plaintiffs, their claims are typical class-wide and that they will fairly and adequately protect the interests of the class. (Id. ¶¶ 46-48); *see also* FED. R. CIV. P. 23(a)(3),(4).

Defendants now move to dismiss the complaint and strike class allegations pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23(d)(1)(D), respectively. (Dkt. No. 7.)

---

[2] The class-action complaint was initially filed in New Jersey Superior Court, Law Division, Bergen County on October 24, 2014, and was removed to this Court on December 29, 2014. (See Dkt. No. 1.)

**LEGAL STANDARD**

*a. Motion to Dismiss*

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (external citations omitted); see also *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). Stating a claim requires a complaint with enough "factual matter (taken as true) to suggest" the required element. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 55 n. 3). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). (Id.)

*b. Motion to Strike*

A party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A court has "considerable discretion" in deciding such a disfavored motion. *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993). Motions to strike usually will be denied, except where "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F.Supp.2d 416, 425 (D.N.J. 2009) (external citation omitted).

Federal Rule of Civil Procedure 23(d)(1)(D), which governs motions to strike class allegations, provides that a "court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." FED. R. CIV. P. 23(d)(1)(D). A plaintiff's putative class action suit is generally entitled to discovery relating to information pertinent to Rule 23's class certification requirements before the merits of the claim are examined. *McPeak v. S-L Distribution Co.*, 2014 WL 4388562, at *4 (D.N.J. Sept. 5, 2014) (citation omitted). The Third Circuit has held that a motion to strike class allegations should not be granted unless it is evident from the face of the complaint or from incontrovertible facts that class treatment would be inappropriate. See *Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d 72, 93 n. 30 (3d Cir. 2011) (the "complaint itself" must demonstrate that "the requirements for maintaining a class action cannot be met."). Accordingly, motions to strike class allegations are rarely granted. *McPeak*, 2014 WL 4388562, at *7 (citation omitted) (internal quotation marks omitted).

**DISCUSSION**

*a. NJCFA and Common Law Fraud Claims*

Plaintiffs' NJCFA claim, alleged in Count I of the complaint, must meet the heightened pleading requirement of Federal Rule of Civil 9(b). *Mickens v. Ford Motor Co.*, 900 F.Supp.2d 427, 435 (D.N.J. 2012). To plead an NJCFA claim, a plaintiff must allege: "(1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements—defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *Hoffman v. Natural Factors Nutritional Prods. Inc.*, 2014 WL 2916452, at *3 (D.N.J. June 26, 2014) (citing *Hoffman v. Cogent Solutions Grp., LLC,* 2013 WL 6623890, at *3 (D.N.J. Dec.16, 2013)).

Plaintiffs have failed to allege an ascertainable loss in their pleadings. To plead the second element of an NJCFA claim, a plaintiff must identify a loss that is "definite, certain, and measurable" rather than "one that is merely theoretical." *Hughes v. Panasonic Consumer Elec. Co.*, 2011 WL 2976839, at *15 (D.N.J. July 21, 2011) (quoting *Bosland v. Warnock Dodge Inc.*, 197 N.J. 543, 558 (2009)) (finding that loss can be pled as an out-of-pocket loss or as a loss in value). In identifying loss, a plaintiff must allege the cost of the product purchased and the cost of alternative products manufactured by defendant's competitors at the time of purchase. See *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 282 (D.N.J. 2011) (Plaintiff "fails to allege how much he paid for his brewer and how much other comparable brewers manufactured by Defendants' competitors cost at the time of purchase."). In other words, Plaintiffs must identify some way in which a court may determine "how much of a premium [Plaintiffs] claim to have paid" for the product. *Hughes*, 2011 WL 2976839, at *16.

Here, Plaintiffs have not provided any information pertaining to the cost of the Defendant's Vodka or that of Defendants' competitors at the time of Plaintiffs' purchases. (See generally

6

Compl.)  Plaintiffs' failure to allege the premium paid subjects Plaintiffs' NJCFA claim to dismissal.

Plaintiffs allege common-law fraud claims in Counts III and IV.  Such claims must be pled with heightened specificity.  FED. R. CIV. P. 9(b). To plead fraud under New Jersey law, a plaintiff must state sufficient facts to raise a plausible inference of: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Natural Factors Nutritional Prods. Inc.*, 2014 WL 2916452, at *5 (internal quotation marks omitted) (citing *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 260 (2005)). Failure to state such facts subjects the common-law fraud claims to dismissal.  See *Hoffman v. DSE Healthcare Solutions*, LLC, 2014 WL 2119753, at *4 (D.N.J. May 21, 2014) (dismissing common-law fraud claims because Plaintiff failed "to identify with specificity the nature of the misrepresentations, when they were made, which representations he relied on, how he reasonably relied on them, that he purchased the product as a result of these particular representations, and how that reliance caused him any detriment.").

In the instant matter, Plaintiffs' common-law fraud claims are insufficiently pled.  Plaintiffs allege—without supporting facts—that they "saw and relied upon the 'Handmade' representations . . . that were prominently displayed on all of Tito's Vodka products." (Compl. ¶ 27.)  The Complaint's bare allegation of reliance is insufficient because it fails to identify with specificity how Plaintiffs relied on Defendant's labels, how that reliance was reasonable, and how that reliance caused them any detriment.  See *DSE Healthcare Solutions, LLC*, 2014 WL 2119753, at *4.  Accordingly, Plaintiff's common-law fraud claims are also subject to dismissal.

Therefore, Counts I, III, and IV will be dismissed without prejudice. Plaintiffs may file an amended complaint within 30 days of this order.

*b. Motion to Strike*

Because this Court has dismissed Plaintiffs' complaint, with 30 days to amend, Defendant's motion to strike will be denied as moot.

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** Defendant's Motion to Dismiss—allowing Plaintiffs 30 days to cure the above-discussed defects—and **DENIES AS MOOT** Defendant's Motion to Strike. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties
     Magistrate Judge Steven C. Mannion

8